**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1087**

_____

CYNTHIA JAFARY,

Plaintiff – Appellee,

v.

JUSTIN WARD, in his individual and official capacities; ZANE ENGLAND, in his individual and official capacities,

Defendants – Appellants,

and

CITY OF BECKLEY, a municipal corporation,

Defendant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Joseph R. Goodwin, District Judge.  (5:20-cv-00647)

_____

Submitted:  October 20, 2022                    Decided:  February 28, 2023

_____

Before GREGORY, Chief Judge, and KING and QUATTLEBAUM, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**ON BRIEF:** Philip W. Savrin, FREEMAN MATHIS & GARY, LLP, Atlanta, Georgia; Chip E. Williams, Jared C. Underwood, PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC, Beckley, West Virginia, for Appellants. J. Zak Ritchie, Max Gottlieb, HISSAM FORMAN DONOVAN RITCHIE PLLC, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff Cynthia Jafary initiated this 42 U.S.C. § 1983 civil rights action in September 2020 in the Southern District of West Virginia against defendants Justin Ward and Zane England, who serve as police officers for the City of Beckley.  Relevant here, Jafary alleged that, in seeking her February 2020 arrest for the West Virginia misdemeanor offense of obstructing an officer, Ward and England effectuated a malicious prosecution by fabricating probable cause and also retaliated against her for engaging in speech protected by the First Amendment.  In December 2021, the district court denied Ward and England's claims of qualified immunity, concluding that no reasonable officer in their position could believe that there was probable cause to arrest Jafary, and that a reasonable officer would have known that Jafary was engaging in constitutionally protected speech. *See Jafary v. Ward*, No. 5:20-cv-00647 (S.D.W. Va. Dec. 28, 2021), ECF No. 134.  With a jury trial looming, Ward and England noted an interlocutory appeal — pursuant to the collateral order doctrine — challenging the court's denial of summary judgment on their immunity claims.  As explained below, we dismiss for lack of jurisdiction.

Generally, a denial of summary judgment is not an appealable final order under 28 U.S.C. § 1291, which authorizes appeals only from final decisions of a district court.  That principle notwithstanding, and as the Supreme Court has recognized with respect to the collateral order doctrine, "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291," despite "the absence of a final judgment." *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).  In a collateral order appeal, as we have explained, "an appellate

court can . . . decide purely legal questions relating to qualified immunity." *See Witt v. W. Va. State Police, Troop 2*, 633 F.3d 272, 275 (4th Cir. 2011) (internal quotation marks omitted). An appellate court assessing such an appeal, however, is not entitled to "reweigh the record evidence to determine whether material factual disputes preclude summary disposition." *Id.* (internal quotation marks omitted). Accordingly, in evaluating collateral order jurisdiction, we are obliged to "examine the parties' appellate arguments to ensure that we only consider those *legal questions* formally raised on appeal." *See Iko v. Shreve*, 535 F.3d 225, 235 (4th Cir. 2008) (emphasis added).

In the circumstances presented here, we are of opinion that the collateral order appeal pursued by Ward and England constitutes a premature challenge to the district court's assessment of this case. More specifically, Ward and England do not raise "purely legal questions" in their appeal, *see Iko*, 535 F.3d at 235, in that their "legal arguments hinge repeatedly, and fundamentally, on a view of the facts contrary to that reached by the district court," *see Rhoades v. Forsyth*, 834 F. App'x 793, 796 (4th Cir. 2020) (citing *Winfield v. Bass*, 106 F.3d 525, 530 (4th Cir. 1997) (en banc)).[*] Put most simply, because Ward and England do not "fairly challenge the district court's specific legal conclusions *independent* of [any] factual disputes," we are "preclud[ed] . . . from considering those

---

[*] We observe that, after Ward and England noted their appeal to this Court in January 2022, they filed, on March 8, 2022, a motion with the district court pursuant to Federal Rule of Civil Procedure 54(b). *See Jafary v. Ward*, No. 5:20-cv-00647 (S.D. W. Va. Mar. 8, 2022), ECF No. 139. Seeking therein a "partial reconsideration" of the court's order that underlies this collateral order appeal, Ward and England requested the court to "correct" its recitation of the factual record. *Id.* at 10. Ward and England's yet-pending motion for partial reconsideration supports the proposition that their collateral order appeal is a premature challenge to the court's recitation of the factual record.

3

legal issues over which we could appropriately exercise jurisdiction at this juncture." *Id.* at 796 (emphasis added); *see also Johnson v. Jones*, 515 U.S. 304, 314 (1995) (recognizing jurisdictional defect in collateral order appeal from denial of qualified immunity, when appellate court cannot "find any . . . separate [legal] question[s]" that are "significantly different from the fact-related legal issues that likely underlie the plaintiff's claim on the merits" (internal quotation marks omitted)).

Pursuant to the foregoing, we dismiss this appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*DISMISSED*